Fuld, J. (dissenting).
The indictment returned by the June, 1955 grand jury should be dismissed for the reasons so ably and cogently given by Justice Beldock in the court below — though, I add, the evidence on which such indictment is founded could be resubmitted to any grand jury validly constituted and impaneled.
To allow a grand jury, held over for some 12 months solely for the purpose of permitting it to complete investigations then pending before it, to hear evidence of, and indict for, new crimes not related to any prior subject under investigation is unsound in principle and wrong in practice. And, since at least one current grand jury was functioning and was unquestionably available to hear witnesses and take evidence as to the commission of new crime, there was no necessity for the district attorney—or the judge presiding at the term of court for which the June, 1955 grand jury had been impaneled — to call upon or utilize this ‘ ‘ extended-f or-unfinished-business ’ ’ jury to undertake an investigation into a new field. Nor may it be overlooked that the holding that the old grand jury possessed jurisdiction to vote • indictments for crimes not related to any matter previously pending before it, actually nullifies the rules *665 of the Kings County Court, whereby, at each monthly term, a different judge is called upon, to preside over a newly impaneled grand jury.
Our decision, I very much fear, stamps with approval the startling practice of allowing an individual judge to have his own grand jury, perhaps for years, to carry on any investigation whatsover. Such a concept, such a system, contrary to long-established common-law tradition, is as wrong and unwise as it is unnecessary.
The order of the Appellate Division should be affirmed.
Chief Judge Conway and Judges Desmond, Dye and Froessel concur with Judge Burke ; Judge Fuld dissents in an opinion in which Judge Van Voorhis concurs.
Orders reversed and indictment reinstated.